GRIFFIN, Judge.
This is an interlocutory appeal[1] from a partial summary final judgment in a mortgage foreclosure action adjudicating appellant, Nerbonne, N.V., liable to appellee, Lake Bryan International Properties, Inc., on the note and mortgage and fixing the amount of the indebtedness. We find merit in only one of the appellant’s many claims of error.
The amended complaint affirmatively alleged (as it must) that appellee was the owner and holder of the mortgage. In its answer, appellant denied this allegation. In opposition to the motion for summary judgment, appellant filed a memorandum raising the issue of whether appellee was the holder of the note and mortgage, based principally on statements made by appellee in filings in other litigation that it had previously assigned its interest to third parties and that subsequent assignments had also taken place. Copies of these filings were attached to the memorandum. The record does not contain a transcript of the hearing on appellee’s motion for summary judgment held on May 13,1991, but a written order entering partial summary judgment was signed on the same date.
Appellant timely moved for rehearing,[2] asserting, among other things, that it had recently searched the public records and discovered yet another assignment of the note and mortgage had been recorded — this one dated December 5, 1990 in favor of a Mr. James Hickman. After this motion for rehearing was filed, appellee began filing motions for leave to amend the complaint. The second of these proposed amended complaints added Hickman as a new party plaintiff and included allegations that Lake Bryan had assigned one-half of the note and mortgage to him. The trial court granted the appellee’s motion to amend the complaint but denied the motion for rehearing. Thus, Lake Bryan, which acknowledged it owned only one-half of the note, had a judgment in its favor for the full amount of the note and Hickman had his own separate pending claim for one-half of the note.
Under the circumstances, we believe the trial court erred in granting the summary judgment and denying the motion for rehearing. Certainly, by the time of the rehearing, it was apparent that summary judgment in favor of Lake Bryan had been improper. As appellee by then itself conceded, it had not owned the entire note and mortgage on May 13, 1991 and there was a material issue of fact as to ownership of the note and mortgage on that date.
Moreover, the trial court’s granting of the appellee’s post-judgment motion to amend the complaint to change the essential allegations on which the summary judgment was premised required vacation of the summary judgment.
REVERSED and REMANDED.
GOSHORN, C.J., and COBB, J., concur.

. Fla.R.App.P. 9.130(a)(3)(C)(iv).

. Nerbonne also subsequently sought leave to amend its answer to assert many new defenses, including ownership of the note, but this motion also was denied. On this record, appellant has failed to convince us that the trial court’s decision to refuse leave to amend was an abuse of discretion.